Dear Senator Cross:
This office is in receipt of your recent request for the opinion of this office regarding the separate school system to be created for the City of Baker in accordance with Acts 973 and 1323 of 1995. Specifically, you are interested in determining whether the creation of a separate school system within the City of Baker will relieve the citizenry of Baker of their obligation to pay ad valorem taxes ( La. Const. Art. VII, Sec. 13(C)) and sales use taxes ( La. Const. Art. VI, Sec. 29) presently being levied by the East Baton Rouge Parish School Board for the support of the Parish school system.
In accordance with Act 973 of 1995, on or before June 30, 1997 the East Baton Rouge Parish School Board or the legislature must reapportion East Baton Rouge Parish, for school board purposes, and exclude the City of Baker from the school district. Simultaneously, Baker is to organize its own school board. If the reapportionment occurs, the East Baton Rouge Parish School Board will no longer have the authority or the obligation to provide educational services to the citizens of Baker.
Once Baker is no longer subject to the jurisdiction of the East Baton Rouge School Board, property located in Baker and sales transactions conducted within Baker will not be subject to taxation levied by the East Baton Rouge Parish School Board. It is therefore our opinion that taxes levied by the East Baton Rouge Parish School Board must cease to be collected within the City of Baker when and if Baker commences "actually operating, maintaining, or supporting a separate system" and has been reapportioned out of the Parish's School District(s).
Please note that we have been advised that the East Baton Rouge Parish School Board has no outstanding bonds which are secured by the proceeds of any tax. If any taxes levied by the East Baton Rouge Parish School Board were the security for outstanding bonds, our opinion in this regard would be different. Both the Louisiana and United States Constitutions contain clauses which prohibit the enactment of laws which impair the obligations of contracts. La. Const. Art. I, Sec. 23 and U.S. Const Art. I, Sec. 10. Clearly, if Acts 973 or 1323 of 1995 served to impair obligations of the East Baton Rouge Parish School Board in favor of bondholders, those acts would be subject to constitutional challenge. See Atty. Gen. Op. 93-48.
Yours very truly,
 RICHARD P. IEYOUB Attorney General
 BY: ___________________________________ JEANNE-MARIE ZERINGUE BARHAM Assistant Attorney General
RPI:JMZB:jv
cc: Robert Hammonds David E. Henderson
ops/ 95-310
DATE RECEIVED: 7/25/95
DATE RELEASED:
JEANNE-MARIE ZERINGUE BARHAM, ASS'T ATTORNEY GENERAL